UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKISHA T SMITH,

      Plaintiff,

v.

STELLAR RECOVERY, INC;
COMCAST CORPORATION

      Defendant(s).

_____/

**COMPLAINT & JURY DEMAND**

Plaintiff LaKisha T Smith through counsel Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

**INTRODUCTION**

1.    Plaintiff is suing because Defendant Stellar Recovery, Inc, as a debt collector, harassed the Plaintiff with robocalls on behalf of the Defendant Comcast Corporation after Plaintiff discharged the debt in bankruptcy.

2.    Defendants persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

3.    The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," Gregory v. Chicago, 394 U.S. 111 , 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to

which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." Carey v. Brown, 447 U.S. 455, 471(1980).

## JURISDICTION

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5.      This action arises out of Defendant Stellar Recovery, Inc's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of both Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and out of the invasions of Plaintiff's personal privacy by both Defendants and their agents in their illegal efforts to collect a consumer debt.

6.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and all Defendants transact business here as part of their continuing debt collection activities.

## PARTIES

7.      Plaintiff LaKisha T Smith is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant Stellar Recovery, Inc ("Stellar") is a Montana corporation with minimum contacts in the State of Michigan and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.     Defendant Comcast Holdings Corporation ("Comcast"), is a Pennsylvania business entity with an address of 1701 John F. Kennedy Boulevard Floor 32 (One Comcast Center), Philadelphia, Pennsylvania 19103, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

**VENUE**

10.     The transactions and occurrences which give rise to this action occurred in Wayne County.

11.     Venue is proper in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

12.     Defendant Comcast is a national corporation that regularly conducts business in Michigan.

13.     Defendant Comcast hired Defendant Stellar to collect debts allegedly due to it.

14.     The acts of Defendant Stellar relating to the Plaintiff were conducted on behalf of Defendant Comcast, and with the consent, approval, and/or ratification of the Defendant Comcast.

15.     The Plaintiff LaKisha Smith alleges that at all times herein mentioned, Defendant Stellar was, and is now, the servant, employee, and/or other representative of Defendant Comcast, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other

3

representative capacity with the permission, knowledge, consent, and/or ratification of the other Defendants. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

16.     Within one year immediately preceding the filing of this complaint, Defendants attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted cellular telephone bill.

17.     Within four years immediately preceding the filing of this complaint, Defendants and the collectors employed by Defendants, and on behalf of Defendant Comcast, repeatedly and willfully placed calls into Michigan to Plaintiff LaKisha T. Smith's personal cellular telephone numbers in an effort to collect this debt, which were at all relevant times "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## *Telephone Consumer Protection Act ("TCPA")*

18.     At all times relevant to this complaint, Plaintiff LaKisha T. Smith was and is a "person"

as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

19.     At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

4

20.    The Federal Communications Commission (FCC) was given the authority to

issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in
> the usual course of business showing such consent, such
> as purchase agreements, sales slips, and credit
> applications. Should a question arise as to whether express
> consent was provided, the burden will be on the creditor to
> show it obtained the necessary prior express consent.
> Similarly, a creditor on whose behalf an autodialed or
> prerecorded message call is made to a wireless number
> bears the responsibility for any violation of the
> Commission's rules. Calls placed by a third party collector
> on behalf of that creditor are treated as if the creditor itself
> placed the call.   In re Rules Implementing the Tel.
> Consumer Prot. Act of 1991 , 23 FCC Rcd 559, 565 (F.C.C.
> 2007), paragraph 10. (Bold underline added. Footnotes
> omitted)

21.    The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot

be challenged in the District Courts. CE Design, Ltd. v. Prism Bus. Media, Inc ., 606

F.3d 443 (7th Cir. Ill. 2010). This Court has ruled that because of the Seventh Circuit's

ruling in CE Design, it "borders on frivolous" to attempt to challenge this FCC Order in a

District Court. Nelson v. Santander Consumer USA, Inc ., 931 F. Supp. 2d 919, 928929

(W.D. Wis. 2013)(vacated after settlement).

22.    That on May 6, 2014, Plaintiff LaKisha T Smith filed a Chapter 7

Bankruptcy Case Number 14−47908−pjs and listed Defendant Stellar Recovery, Inc.,

with address of 4500 Salisbury Rd Ste 10, Jacksonville, Florida 32216. Exhibit A.

23.    That Defendants attempted to collect a debt from a 2009 Comcast bill in late May

2014, a debt which had been included in Plaintiff LaKisha T Smith's bankruptcy.

24.     That Plaintiff LaKisha T Smith received her Chapter 7 Bankruptcy discharge on August 12, 2014. See Exhibit B.

25.     Defendant Comcast hired Defendant Stellar to collect debts allegedly owed to it.

26.     Defendant Stellar made numerous Robo calls to Plaintiff LaKisha T Smith after the bankruptcy filing to her private cell phone number 313-718-XXXX.

27.     Defendant Stellar Robo called Plaintiff Lakisha T. Smith numerous times using number 313-483-8518 to collect on behalf of Defendant Comcast.  Exhibit C.

28.     Plaintiff Lakisha T. Smith called number 313-483-8518 and Defendant Stellar Representative indicated the previous call was regarding a Defendant Comcast past due bill.

29.     Defendant Stellar also Robo called Plaintiff Lakisha T. Smith numerous times using number 1-877-236-5791 to collect on behalf of Defendant Comcast.  Exhibit D.

30.     On Defendant Stellar website, number 1-877-236-5791 is listed as the Payment by telephone number.  Exhibit E.

31.     The acts of Defendant Stellar relating to the Plaintiff were conducted on behalf of Defendant Comcast and with the consent, approval, and/or ratification of the Defendants Comcast.

32.   Plaintiff LaKisha T. Smith alleges that at all times herein mentioned, Defendant Stellar was, and is now, the servant, employee, and/or other representative of Defendant Comcast, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or

6

other representative capacity with the permission, knowledge, consent, and/or ratification of the other Defendants. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

33.     Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned Plaintiff LaKisha T. Smith's cellular telephones on numerous occasions in violation of the TCPA.

34.     Without Plaintiff LaKisha T. Smith's prior express consent, Defendants and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff LaKisha T. Smith's cellular telephones in an attempt to collect this debt.

35.     All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained Plaintiff LaKisha T. Smith's prior express consent, and had no basis to believe that they had Plaintiff LaKisha T. Smith's prior express consent.

36.     Plaintiff has never given out either of her cellular telephone numbers to Defendant Stellar or its collectors.

37.     Defendants' repeated autodialed collection calls to Plaintiff LaKisha T. Smith's cellular telephones, within the last four years prior to filing this complaint, were illegal third party attempts to collect this debt in violation of the TCPA, 47 U.S.C. §227 et seq.

38.     Defendant Stellar's repeated autodialed collection calls to Plaintiff LaKisha T. Smith's cellular telephones, within the last one year prior to filing this complaint, were illegal third party attempts to collect this debt in violation of numerous and multiple

provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

### *Summary*

39.   All of the above-described collection communications made to Plaintiff LaKisha T. Smith by Defendants and other collection employees employed by Defendant Stellar, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

40.   The Defendants' actions as described herein left Plaintiff LaKisha T. Smith feeling helpless and victimized, as she was unable to stop the persistent and intrusive telephoning by these Defendants.

41.   Defendants' persistent autodialed calls eliminated Plaintiff LaKisha T. Smith's right to be left alone.

42.   Defendants' persistent autodialed collection calls eliminated the peace and solitude that Plaintiff LaKisha T. Smith  would have otherwise had.

43.   Defendants' actions constituted unauthorized use of, and interference with Plaintiff LaKisha T. Smith's cellular telephone service associated with her private cell phone number for which Plaintiff LaKisha T. Smith paid money.

44.   Plaintiff LaKisha T. Smith was charged money for each call that Defendant made to Plaintiff LaKisha T. Smith's cellular phones.

45.     Plaintiff Lakisha T. Smith has had an exacerbation of her health problems including sleepless nights, headaches, and panic attacks due to the illegal actions of these Defendants.

## TRIAL BY JURY

46.     Plaintiff LaKisha T. Smith is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## COUNT I – VIOLATION OF THE

## FAIR DEBT COLLECTION PRACTICES ACT.

47.     Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

48.     At all relevant times Defendant Stellar, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

49.     Plaintiff LaKisha T. Smith is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

50.     Defendant Stellar is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

51.     Defendant Stellar's foregoing acts as described more fully herein of illegally attempting to collect this debt violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

52.     Plaintiff has also suffered actual damages, economic damages, emotional damages, general damages and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE

## MICHIGAN OCCUPATIONAL CODE.

53.     Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

54.     Defendant Stellar is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

55.     Plaintiff LaKisha T. Smith is a "debtor" as that term is defined in M.C.L. § 339.901(f).

56.     Defendant Stellar's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

57.     Plaintiff La Kisha T. Smith has suffered damages as a result of these violations of the Michigan Occupational Code.

58.     These violations of the Michigan Occupational Code by Defendant Stellar were willful.

## COUNT III - VIOLATION OF THE

## MICHIGAN COLLECTION PRACTICES ACT.

59.     Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

60.     Defendant Stellar is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

61.     Plaintiff LaKisha T. Smith is a "consumer" as that term is defined at M.C.L. § 445.251.

62.     Defendant Stellar's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

63.     Plaintiff LaKisha T. Smith has suffered damages as a result of these violations of the MCPA.

64.     These violations of the MCPA by Defendant Stellar were willful.

## COUNT IV - VIOLATION OF THE

## FEDERAL TELEPHONE CONSUMER PROTECTION ACT.

### 47 U.S.C. § 227 et seq. against both Defendants

65.     Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

66.     Within the one year period immediately preceding this action, the Defendants made numerous calls to Plaintiff LaKisha T. Smith's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

67.     The acts and or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

68.     As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff LaKisha T. Smith to sustain damages.

69.     Defendants did not have the necessary prior express consent of Plaintiff LaKisha T. Smith to use an automatic telephone dialing system to call Plaintiff LaKisha T. Smith's cellular telephone.

70.     Under the 47 U.S.C. Section 227(b)(3)(B), Plaintiff LaKisha T. Smith is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff LaKisha T. Smith.

71.     Defendants willfully and knowingly violated the TCPA, and as such Plaintiff LaKisha T. Smith is entitled to $1,500.00 per telephone call made to the Plaintiff LaKisha T. Smith pursuant to the 47 U.S.C. Section 227(b)(3).

72.     Plaintiff LaKisha T. Smith is entitled to injunctive relief prohibiting Defendants from contacting Plaintiff LaKisha T. Smith on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

73.     Defendant Comcast is responsible and liable for the Defendant Stellar's violations of the TCPA pursuant to the FCC Rules implementing the TCPA.

**COUNT V – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.**

74.     Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

75.     The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

76.     Michigan further recognizes Plaintiff Lakisha T. Smith's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

77.     The Defendant intentionally intruded upon Plaintiff LaKisha T. Smith's right to privacy by continually harassing Plaintiff LaKisha T. Smith with an excessive amount of calls to her cell phone.

78.     The telephone calls made by Defendants to Plaintiff LaKisha T. Smith were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff" and, "a substantial burden to their existence" thus satisfying the Restatement of Torts, Second, §652(b) requirement for an invasion of privacy.

79.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

80.     As a result of the intrusions and invasions, Plaintiff LaKisha T. Smith is entitled to actual damages in an amount to be determined at trial from Defendant.

81.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff LaKisha T. Smith is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant:

## COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

## AGAINST DEFENDANT STELLAR

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Stellar and for Plaintiff LaKisha T. Smith;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Stellar and for Plaintiff LaKisha T. Smith;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Stellar and for Plaintiff LaKisha T. Smith.

## COUNT II.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

## AGAINST DEFENDANT STELLAR

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Occupational Code.

## COUNT III.

## VIOLATIONS OF THE

## MICHIGAN COLLECTION PRACTICES ACT

## AGAINST DEFENDANT STELLAR

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Collection Practices Act.

## COUNT IV.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C.  § 227 et seq.

## AGAINST BOTH DEFENDANTS

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff LaKisha T. Smith;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff LaKisha T. Smith;

- for an injunction prohibiting Defendants from contacting Plaintiff LaKisha T. Smith on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT V.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

## AGAINST BOTH DEFENDANTS

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff LaKisha T. Smith.

Respectfully submitted,

/s/ Stephen A. Thomas

May 13, 2015                     STEPHEN A. THOMAS P43260
                                Attorney for Plaintiff
                                645 Griswold St., Suite 1360
                                Detroit, Michigan  48226
                                313-965-2265
                                sthomas@313965bank.com

Exhibit A

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/12)          Case Number **14–47908–pjs**

## UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

## Notice of
## Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 5/6/14.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):<br>Lakisha T Smith<br>5308 Philip<br>Detroit, MI 48224 | |
| --- | --- |
| Case Number:<br>  **14–47908–pjs** | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx–xx–5598 |
| Attorney for Debtor(s) (name and address):<br>Stephen A. Thomas<br>645 Griswold Street<br>Suite 1113<br>Detroit, MI 48226<br>Telephone number:  (313) 965–2265 | Bankruptcy Trustee (name and address):<br>Gene R. Kohut<br>21 Kercheval Avenue<br>Suite 285<br>Grosse Pointe Farms, MI 48236<br>Telephone number:  313–886–9765 |

### Meeting of Creditors

Date:  **June 11, 2014**                        Time:  **11:30 AM**
Location:  **211 West Fort St., Room 315, Detroit, MI 48226**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 8/11/14**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:**<br>211 West Fort Street<br>Detroit, MI 48226<br>Telephone number:  313–234–0065 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Katherine B. Gullo |
| --- | --- |
| Hours Open:  Monday – Friday 08:30 AM – 4:00 PM | Date:  5/6/14 |

# EXPLANATIONS

B9A (Official Form 9A) (12/12)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br>*Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint –– or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) –– in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## Refer to Other Side for Important Deadlines and Notices

**The Court will dismiss this case without a hearing if the debtor(s) do not timely file all required documents and if no request for a hearing on dismissal is filed within 21 days after the petition is filed. The Clerk will give notice of the hearing on dismissal only to the party requesting the hearing, the debtor and the trustee.**

Smith, Lakisha - 14-47908

U.S. Trustee
211 W. Fort Street 700
Detroit, MI 48226

Account Receivables So
301 N Clinton Ave
Saint Johns, MI 48879

Cba
25954 Eden Landing First Floor
Hayward, CA 94541

Cbm
300 Rodd St Ste 202
Midland, MI 48640

Comerica Bank/Glelsi
Po Box 7860
Madison, WI 53707

Credit Acceptance
PO Box 5009
Southfield, MI 48086-5009

Credit Acceptance
Po Box 513
Southfield, MI 48037

Credit Acceptance Corp.
25505 W. 12 Mile Road, Suite 3000
Southfield, MI 48034

Dte Energy
1 Energy Plz # Wcb2106
Detroit, MI 48226

Edsouth/Glelsi
Po Box 7860
Madison, WI 53707

Fed Loan Serv
Po Box 69184
Harrisburg, PA 17106

Smith, Lakisha - 14-47908


Glelsi/Mhesla
Po Box 7860
Madison, WI 53707


Josefa Reed
15761 Schultz Street
Clinton Township, MI 48038


L J Ross Associates In
4 Universal Way
Jackson, MI 49202


Rjm Acq Llc
575 Underhill Blvd Ste 2
Syosset, NY 11791


Sallie Mae
11100 Usa Pkwy
Fishers, IN 46037


Stellar Recovery Inc
4500 Salisbury Rd Ste 10
Jacksonville, FL 32216


Us Dept Of Education
Po Box 5609
Greenville, TX 75403


Webbank/Fingerhut Fres
6250 Ridgewood Rd
Saint Cloud, MN 56303

Exhibit B

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

## Eastern District of Michigan
### Case No. <u>14–47908–pjs</u>
### Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    Lakisha T Smith
    5308 Philip
    Detroit, MI 48224

Social Security / Individual Taxpayer ID No.:
    xxx–xx–5598

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>8/12/14</u>

<u>Phillip J Shefferly</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.


**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Exhibit C

## Add to contacts 

 1 313-483-8518

Michigan 

↙ Missed call

11:38am, Thursday, September 4, 2014

Exhibit D



+18772365791

Received July 22, 2014 12:46 PM

 

 0:00                     0:30

📞 Call                    ✉ Send message

# Exhibit E





| About Us |
|----------|
| Services |
| Careers |
| Payment |
| Contact Us |



*Payments can be made conveniently online or by phone, speak to a representative today.*

**09/09/2014 Stellar Recovery, Inc. Finds Link Between Health and Wealth**

**09/01/2014 Stellar Recovery, Inc. Announces Organizational Changes**

**08/19/2014 Stellar Recovery CEO Garrett Schanck Recognized as 2014 Ultimate CEO**

**08/07/2014 Stellar Recovery, Inc. CEO Garrett Schanck recognized in the 4th Annual Top 30 Under 30**

**07/22/2014 Stellar Recovery, Inc. Named to 50 Fastest Growing Companies in Northeast FL at No. 45**

**12/09/2013 Stellar Recovery Earns Certified Professional Receivables Company Designation**

**10/30/2013 Stellar Recovery Inc. Joins the Telecommunications Risk Management Association**

**10/18/2013 Current Press Releases**

**08/14/2013 Stellar Recovery, Inc. Named to Fifty Fastest Growing Companies in Jacksonville, FL at No. 8**

**10/10/2013 Executive Change: Liza Akley Joins Stellar Recovery as Chief Operating Officer**

**05/31/2013 Garrett Schanck: CEO at 26 years old**

**10/03/2013 Stellar Recovery, Inc. #24 in Florida Business Journal Fast 100 with 275% Growth**

**05/30/2013 Stellar Recovery Announces Addition of New Chief Financial Officer**

**04/24/2013 Stellar Recovery Announces Successful Completion of SSAE 16 Type II**

**04/29/2013 Stellar Recovery CEO Nominated for Top 30 Under 30 Award**

**04/22/2013 Stellar Recovery Announces Reorganization of Executive Staff: New CEO, President**

*More news...*

### Stellar Recovery, Inc Payment Portal

This site provides a secure payment portal for making online payments. Please ensure that you are paying the correct party and that you have a valid account number received from us.

If you do not know your account number, please **do not make a payment through this web site at this time.** Instead, please **Contact Us** to obtain your account number before returning to make the payment. Without the account number we cannot credit your account with the payment you make on this site, which would result in a significant delay in processing of your payment.

**This is a web site of a collection agency.**
**This is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**

| Continue |
|----------|

Make a payment using any of:



**Payment**

Payment by telephone*: 877-236-5791    Speak with a representative:  888-638-6775.

Stellar Recovery, Inc. is a proud member of the following:

  

    

Important Information Required By Law: This agency is engaged in the collection of debts.

This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Copyright 2009 Stellar Recovery, Inc. All Rights Reserved. Privacy Policy