UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
Case No. 2:15-cv-11717-SJM-MKM

LAKISHA T SMITH,

    Plaintiff,                                      Hon. Stephen J. Murphy, III
                                                  Hon. Magistrate Mona K. Majzoub

v.

STELLAR RECOVERY, INC;
COMCAST CORPORATION;
COMCAST OF DETROIT, LLC,

    Defendant(s).

_____/

**FIRST AMENDED COMPLAINT & JURY DEMAND**

Plaintiff LaKisha T Smith through counsel Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

**INTRODUCTION**

1.    Plaintiff is suing because Defendant Stellar Recovery, Inc, as a debt collector, harassed the Plaintiff with robocalls on behalf of the Defendant Comcast Corporation after Plaintiff discharged the debt in bankruptcy.

2.    Defendants persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

3.    The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," Gregory v. Chicago, 394 U.S. 111 , 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to

1

which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." Carey v. Brown, 447 U.S. 455, 471(1980).

## JURISDICTION

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5.      This action arises out of Defendant Stellar Recovery, Inc's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of both Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and out of the invasions of Plaintiff's personal privacy by both Defendants and their agents in their illegal efforts to collect a consumer debt.

6.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and all Defendants transact business here as part of their continuing debt collection activities.

## PARTIES

7.      Plaintiff LaKisha T Smith is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Stellar Recovery, Inc ("Stellar") is a Montana corporation with minimum contacts in the State of Michigan and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant Comcast Holdings Corporation ("Comcast"), is a Pennsylvania business entity with an address of 1701 John F. Kennedy Boulevard Floor 32 (One Comcast Center), Philadelphia, Pennsylvania 19103, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

10. Defendant Comcast of Detroit, LLC, is a Michigan general partnership business entity with a registered agent and mailing address of The Corporation Company 30600 Telegraph Road, Ste 2345, Bingham Farms, MI 48025, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## VENUE

11. The transactions and occurrences which give rise to this action occurred in Wayne County.

12. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

13. Defendant Comcast is a national corporation that regularly conducts business in Michigan.

14. Defendant Comcast hired Defendant Stellar to collect debts allegedly due to it.

15. The acts of Defendant Stellar relating to the Plaintiff were conducted on behalf of Defendant Comcast, and with the consent, approval, and/or ratification of the Defendant Comcast.

16.     The Plaintiff LaKisha Smith alleges that at all times herein mentioned, Defendant Stellar was, and is now, the servant, employee, and/or other representative of Defendant Comcast, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of the other Defendants. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

17.     Within one year immediately preceding the filing of this complaint, Defendants attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted cellular telephone bill.

18.     Within four years immediately preceding the filing of this complaint, Defendants and the collectors employed by Defendants, and on behalf of Defendant Comcast, repeatedly and willfully placed calls into Michigan to Plaintiff LaKisha T. Smith's personal cellular telephone numbers in an effort to collect this debt, which were at all relevant times "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

***Telephone Consumer Protection Act ("TCPA")***

19.     At all times relevant to this complaint, Plaintiff LaKisha T. Smith was and is a "person"

as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

20. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

21. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.  In re Rules Implementing the Tel. Consumer Prot. Act of 1991 , 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Bold underline added. Footnotes omitted)

22. The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot be challenged in the District Courts. CE Design, Ltd. v. Prism Bus. Media, Inc ., 606 F.3d 443 (7th Cir. Ill. 2010). This Court has ruled that because of the Seventh Circuit's ruling in CE Design, it "borders on frivolous" to attempt to challenge this FCC Order in a District Court. Nelson v. Santander Consumer USA, Inc ., 931 F. Supp. 2d 919, 928929 (W.D. Wis. 2013)(vacated after settlement).

23. That on May 6, 2014, Plaintiff LaKisha T Smith filed a Chapter 7

Bankruptcy Case Number 14−47908−pjs and listed Defendant Stellar Recovery, Inc., with address of 4500 Salisbury Rd Ste 10, Jacksonville, Florida 32216. Exhibit A.

24. That Defendants attempted to collect a debt from a 2009 Comcast bill in late May 2014, a debt which had been included in Plaintiff LaKisha T Smith's bankruptcy.

25. That Plaintiff LaKisha T Smith received her Chapter 7 Bankruptcy discharge on August 12, 2014. See Exhibit B.

26. Defendant Comcast hired Defendant Stellar to collect debts allegedly owed to it.

27. Defendant Stellar made numerous Robo calls to Plaintiff LaKisha T Smith after the bankruptcy filing to her private cell phone number 313-718-XXXX.

28. Defendant Stellar Robo called Plaintiff Lakisha T. Smith numerous times using number 313-483-8518 to collect on behalf of Defendant Comcast. Exhibit C.

29. Plaintiff Lakisha T. Smith called number 313-483-8518 and Defendant Stellar Representative indicated the previous call was regarding a Defendant Comcast past due bill.

30. Defendant Stellar also Robo called Plaintiff Lakisha T. Smith numerous times using number 1-877-236-5791 to collect on behalf of Defendant Comcast. Exhibit D.

31. On Defendant Stellar website, number 1-877-236-5791 is listed as the Payment by telephone number. Exhibit E.

32. The acts of Defendant Stellar relating to the Plaintiff were conducted on behalf of Defendant Comcast and with the consent, approval, and/or ratification of the Defendants Comcast.

33.    Plaintiff LaKisha T. Smith alleges that at all times herein mentioned, Defendant Stellar was, and is now, the servant, employee, and/or other representative of Defendant Comcast, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of the other Defendants. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

34.    Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned Plaintiff LaKisha T. Smith's cellular telephones on numerous occasions in violation of the TCPA.

35.    Without Plaintiff LaKisha T. Smith's prior express consent, Defendants and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff LaKisha T. Smith's cellular telephones in an attempt to collect this debt.

36.    All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained Plaintiff LaKisha T. Smith's prior express consent, and had no basis to believe that they had Plaintiff LaKisha T. Smith's prior express consent.

37.    Plaintiff has never given out either of her cellular telephone numbers to Defendant Stellar or its collectors.

38. Defendants' repeated autodialed collection calls to Plaintiff LaKisha T. Smith's cellular telephones, within the last four years prior to filing this complaint, were illegal third party attempts to collect this debt in violation of the TCPA, 47 U.S.C. §227 et seq.

39. Defendant Stellar's repeated autodialed collection calls to Plaintiff LaKisha T. Smith's cellular telephones, within the last one year prior to filing this complaint, were illegal third party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

*Summary*

40. All of the above-described collection communications made to Plaintiff LaKisha T. Smith by Defendants and other collection employees employed by Defendant Stellar, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

41. The Defendants' actions as described herein left Plaintiff LaKisha T. Smith feeling helpless and victimized, as she was unable to stop the persistent and intrusive telephoning by these Defendants.

42. Defendants' persistent autodialed calls eliminated Plaintiff LaKisha T. Smith's right to be left alone.

43. Defendants' persistent autodialed collection calls eliminated the peace and solitude that Plaintiff LaKisha T. Smith would have otherwise had.

44. Defendants' actions constituted unauthorized use of, and interference with Plaintiff LaKisha T. Smith's cellular telephone service associated with her private cell phone number for which Plaintiff LaKisha T. Smith paid money.

45. Plaintiff LaKisha T. Smith was charged money for each call that Defendant made to Plaintiff LaKisha T. Smith's cellular phones.

46. Plaintiff Lakisha T. Smith has had an exacerbation of her health problems including sleepless nights, headaches, and panic attacks due to the illegal actions of these Defendants.

### TRIAL BY JURY

47. Plaintiff LaKisha T. Smith is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

### COUNT I – VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT.

48. Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

49. At all relevant times Defendant Stellar, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

50. Plaintiff LaKisha T. Smith is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

51. Defendant Stellar is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

52. Defendant Stellar's foregoing acts as described more fully herein of illegally attempting to collect this debt violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

53. Plaintiff has also suffered actual damages, economic damages, emotional damages, general damages and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE
## MICHIGAN OCCUPATIONAL CODE.

54. Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

55. Defendant Stellar is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

56. Plaintiff LaKisha T. Smith is a "debtor" as that term is defined in M.C.L. § 339.901(f).

57. Defendant Stellar's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

58. Plaintiff La Kisha T. Smith has suffered damages as a result of these violations of the Michigan Occupational Code.

59. These violations of the Michigan Occupational Code by Defendant Stellar were willful.

## COUNT III - VIOLATION OF THE
## MICHIGAN COLLECTION PRACTICES ACT.

60. Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

61. Defendant Stellar is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

62. Plaintiff LaKisha T. Smith is a "consumer" as that term is defined at M.C.L. § 445.251.

63. Defendant Stellar's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

64. Plaintiff LaKisha T. Smith has suffered damages as a result of these violations of the MCPA.

65. These violations of the MCPA by Defendant Stellar were willful.

## COUNT IV - VIOLATION OF THE
## FEDERAL TELEPHONE CONSUMER PROTECTION ACT.
### 47 U.S.C. § 227 et seq. against both Defendants

66. Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

67. Within the one year period immediately preceding this action, the Defendants made numerous calls to Plaintiff LaKisha T. Smith's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

68. The acts and or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

69. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff LaKisha T. Smith to sustain damages.

70. Defendants did not have the necessary prior express consent of Plaintiff LaKisha T. Smith to use an automatic telephone dialing system to call Plaintiff LaKisha T. Smith's cellular telephone.

71. Under the 47 U.S.C. Section 227(b)(3)(B), Plaintiff LaKisha T. Smith is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff LaKisha T. Smith.

72. Defendants willfully and knowingly violated the TCPA, and as such Plaintiff LaKisha T. Smith is entitled to $1,500.00 per telephone call made to the Plaintiff LaKisha T. Smith pursuant to the 47 U.S.C. Section 227(b)(3).

73. Plaintiff LaKisha T. Smith is entitled to injunctive relief prohibiting Defendants from contacting Plaintiff LaKisha T. Smith on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

74. Defendant Comcast is responsible and liable for the Defendant Stellar's violations of the TCPA pursuant to the FCC Rules implementing the TCPA.

**COUNT V – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.**

75. Plaintiff LaKisha T. Smith incorporates the preceding allegations by reference.

76. The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private

affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

77. Michigan further recognizes Plaintiff Lakisha T. Smith's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

78. The Defendant intentionally intruded upon Plaintiff LaKisha T. Smith's right to privacy by continually harassing Plaintiff LaKisha T. Smith with an excessive amount of calls to her cell phone.

79. The telephone calls made by Defendants to Plaintiff LaKisha T. Smith were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff" and, "a substantial burden to their existence" thus satisfying the Restatement of Torts, Second, §652(b) requirement for an invasion of privacy.

80. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

81. As a result of the intrusions and invasions, Plaintiff LaKisha T. Smith is entitled to actual damages in an amount to be determined at trial from Defendant.

82. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff LaKisha T. Smith is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant:

## COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

## AGAINST DEFENDANT STELLAR

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Stellar and for Plaintiff LaKisha T. Smith;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Stellar and for Plaintiff LaKisha T. Smith;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Stellar and for Plaintiff LaKisha T. Smith.

## COUNT II.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

## AGAINST DEFENDANT STELLAR

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Occupational Code.

## COUNT III.

**VIOLATIONS OF THE**

**MICHIGAN COLLECTION PRACTICES ACT**

**AGAINST DEFENDANT STELLAR**

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Collection Practices Act.

**COUNT IV.**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 et seq.**

**AGAINST BOTH DEFENDANTS**

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff LaKisha T. Smith;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff LaKisha T. Smith;

- for an injunction prohibiting Defendants from contacting Plaintiff LaKisha T. Smith on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**COUNT V.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

**AGAINST BOTH DEFENDANTS**

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and

intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff LaKisha T. Smith.

Respectfully submitted,

July 14, 2015

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan  48226
313-965-2265
sthomas@313965bank.com

## CERTIFICATE OF SERVICE

I, Stephen A. Thomas, declare under penalty of perjury that on July 14, 2015 the foregoing document was filed using the Court's ECF system and all counsel of record will receive notice.

/s/ Stephen A. Thomas