## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LAKISHA SMITH,**

      **Plaintiff,**                    **CIVIL ACTION NO. 15-CV-11717**

**vs.**                               **DISTRICT JUDGE STEPHEN J. MURPHY III**

                                      **MAGISTRATE JUDGE MONA K. MAJZOUB**

**STELLAR RECOVERY, INC.;**
**COMCAST CORPORATION;**
**COMCAST OF DETROIT, LLC,**

      **Defendants.**

_____/

### OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL [20] AND DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [29] AS MOOT.

Currently pending before the Court are Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production of Documents as [to] Defendant Stellar and Comcast (docket no. 20.) and Defendants' Motion for Protective Order and Objection to Notice of Rule 30(B)(6) Deposition Duces Tecum (docket no. 29). Defendants filed a Response to Plaintiff's Motion (docket no. 23), and Plaintiff filed a Reply (docket no. 24). The Parties then filed a Joint Statement of Resolved and Unresolved Issues related to Plaintiff's Motion. (Docket no. 27.) Plaintiff filed a Response to Defendants' Motion (docket no. 32), and pursuant to the a May 23, 2016 Court Order (docket no. 30), the Parties filed an Amended Joint Statement (docket no. 31). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 25.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

1

## I.      Background

Plaintiff filed her Complaint against Defendants Stellar Recovery and Comcast alleging that they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA) by "harass[ing] the Plaintiff with robocalls . . . after Plaintiff discharged the debt in bankruptcy." (Docket no. 1 at 1-2.)   In relevant part for purposes of this Opinion and Order, Plaintiff alleges that Defendant Stellar acted "on behalf of Defendant Comcast and with the consent, approval, and/or ratification of [Comcast]" and that "Defendant Stellar was, and is now, the servant, employee, and/or other representative of [Comcast]." (*Id.* at 6-7.)   Comcast denies these allegations and sees Plaintiff's claims against Comcast as "vicarious in nature." (Docket no. 7 at 8; docket no. 23 at 3.)

Discovery in this matter commenced on November 10, 2015, with a cut-off date of May 30, 2016.   (Docket no. 19.)   At the time Plaintiff filed her instant Motion to Compel, discovery had been open for less than two months, yet the Parties disputed 31 Interrogatory Responses and 44 responses to Requests for Production by two Defendants.   (*See* docket no. 23 at 2.)   Moreover, Plaintiff had attempted to circumvent Defendants' objections under Rule 34 by asking for the same documents at a Rule 30(b)(6) deposition.   (*See* docket no. 29.)

On May 23, 2016, after reviewing the 31 pages of discovery disputes outlined by Plaintiff, the Court reminded the Parties of their obligation to act on good faith and with common sense when dealing with discovery disputes.   Moreover, the Court put the parties on notice that it would "order sanctions under Rule 37 for abuse of the discovery process against any party whose position is not substantially justified." (Docket no. 30 at 4. (citing Fed. R. Civ. P. 37).)   The Court then gave the parties an opportunity to resolve their outstanding discovery disputes and narrow the

disputes at issue by filing an Amended Joint Statement.   (*Id.*)

Through their Amended Joint Statement, the Parties have informed the Court that they have resolved all of their outstanding discovery disputes with one exception: "[t]he parties are at an impasse as to . . . [t]he production of contract(s) between Stellar and Comcast."   (Docket no. 31 at 2.)   The Court will address this remaining issue herein.   As to the other issues raised in Plaintiff's Motion to Compel, the Court will accept the Parties' statement that these issues have been resolved.

With regard to Defendants' Motion for a Protective Order, the Court will also accept the Parties' statement that the outstanding issues have been resolved.   Notably, though, in her response to Defendants' Motion, Plaintiff asks that the Court extend the time for depositions beyond the discovery cut-off date so that Plaintiff can depose witnesses after reviewing the documents produced pursuant to the Parties' agreement.   The Court will address this request herein.

## II.      Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.   *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).   "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

3

probable than it would be without the evidence."   Fed.R.Evid. 401.   But the scope of discovery is not unlimited.   "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."   *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rule 34 allows a party to serve requests for production of documents on an opposing party. Fed.R.Civ.P. 34.   A party receiving such a request has thirty days to respond with answers or objections.   Fed.R.Civ.P. 34(b)(2).   If the party receiving discovery requests under the Rules fails to respond properly, Rule 37 provides the party who sent the discovery with the means to file a motion to compel.   Fed.R.Civ.P. 37(a)(3)(B).

## III.   Analysis

### A.   Plaintiff's Motion to Compel

Although not set forth specifically, it appears that the Parties' remaining issue arises from Plaintiff's Request for Production No. 17 to Defendant Comcast.   Plaintiff seeks:

> All documents relating to the debt from Defendant Comcast of Detroit, LLC (or any related company), including but not limited to the information Defendant Stellar Recovery, Inc. sent to you relating to the Plaintiff Lakisha T. Smith; documents you sent to Defendant Stellar Recovery, Inc. about the Plaintiff Lakisha T. Smith; *and your agreements with Defendant Stellar Recovery, Inc.*

(Docket no. 20 at 40-41 (emphasis added).)   With regard to the agreements, Defendant Comcast responded with the following objection:

> Comcast objects to this Request to the extent that it is requesting Comcast's agreement(s) with Defendant Stellar because it is proprietary and confidential and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, insomuch as it is not tailored to the facts and issues in this case because it is seeking information unrelated to the allegations.

(*Id.*)   Although Plaintiff sets this request forth as an unresolved issue, she does not directly

4

address Defendant's objection in her Motion or her Reply, instead focusing on other requested documents, such as personnel files and training materials.   (*See* docket no. 20 at 47-51.) Defendant briefly addresses this request in its Response to Plaintiff's Motion, reiterating its initial objection.   (Docket no. 23 at 11.)

Unsurprisingly, this lack of argument does not assist the Court in reaching a decision on this matter.   With regard to Defendant's position on confidentiality, the Parties have already agreed to, and the Court has already entered, a Protective Order allowing the parties to mark documents as "CONFIDENTIAL" to allow limited and necessary disclosure.   Defendant provides no reason for the Court to believe that it would be inappropriate to mark the agreements at issue as CONFIDENTIAL to protect their proprietary nature.   Thus, the Court is not persuaded that the confidential nature of the agreements should prohibit their disclosure pursuant to Plaintiff's request.

With regard to the relevancy of the agreements, Plaintiff and Defendant have both put the nature of Defendants' relationship at issue.   As noted, Plaintiff argues that Defendant Stellar "was, and is now, the servant, employee, and/or other representative of [Comcast]" (docket no. 1 at 6-7), and Comcast acknowledges that Plaintiff's claims are "vicarious in nature" (docket no. 23 at 3).   To the extent Comcast relies on Stellar's independent operation and its lack of control in the collections process, the nature of their relationship is highly relevant.   Therefore, the Court will grant Plaintiff's Motion and order Defendant Comcast to produce the requested agreements within seven days.

### B.      Plaintiff's Request to Take Depositions Outside of the Discovery Window

As noted, discovery in this matter was scheduled to close on May 30, 2016.   Pursuant to

5

the Court's May 23, 2016 Order, the parties met and conferred and resolved most of their outstanding discovery issues on May 25, 2016. According to Plaintiff, the Parties have agreed to take the deposition of a 30(b)(6) witness on June 15, 2016. (Docket no. 32 at 2.) Plaintiff, therefore, asks that the Court grant her permission to depose other witnesses based on the newly produced documents through the same June 15, 2016 date. The Court finds this request reasonable. Moreover, the Parties are reminded that the Court expects them to continue to work together in good faith when noticing and scheduling depositions related to Defendants' document production.

### C.    Costs

If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a). Moreover, the Court warned the Parties that based on their outstanding discovery disputes, the losing party would be sanctioned under Rule 37 unless its position was substantially justified. Thus, an award of costs for Plaintiff related to the last outstanding issue in this matter would not be inappropriate. Nevertheless, the parties have demonstrated an ability to resolve their discovery disputes in this matter and have shown the ability to work together in good faith. Having resolved their disputes related to 74 of 75 discovery requests, the Court finds that an award of costs would be unjust at the present time. Moreover, because Plaintiff did not address this issue in her Motion, Brief, Reply, or either Joint Statement, any costs associated with the same, if any, would be nominal. Therefore, the Court will not award costs to either party.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **GRANTED IN PART**.  Defendant Comcast must produce copies of the agreements requested in Plaintiff's Request for Production No. 17 within seven days.   Defendant may, however, mark agreements as CONFIDENTIAL pursuant to the Parties' Stipulated Protective Order.

**IT IS FURTHER ORDERED** that because the Parties have resolved the outstanding issues, Defendants' Motion for Protective Order is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the timeframe for depositions in this matter is extended through June 15, 2016, so that Plaintiff can conduct depositions based on the documents produced by Defendants.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated:   June 1, 2016           s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served on counsel of record on this date.

Dated:   June 1, 2016           s/ Lisa C. Bartlett
                                Case Manager