UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAKISHA T. SMITH, | |
| Plaintiff, | |
| v. | Case No. 2:15-cv-11717-SJM-MKM |
| STELLAR RECOVERY, INC., COMCAST CORPORATION, and COMCAST OF DETROIT, LLC, | Hon. Stephen J. Murphy, III<br>Hon. Magistrate Mona K. Majzoub |
| Defendants. | |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE ERRATA SHEET

Non-party LiveVox, Inc. ("LiveVox"), by and through the undersigned counsel, submits this memorandum of law in opposition to Plaintiff Lakisha T. Smith's motion to strike the errata sheet for the deposition transcript of Kevin Stark, who testified as the corporate designee for LiveVox under Fed. R. Civ. P. 30(b)(6).

## ARGUMENT

Although Plaintiff includes extraneous argument, in fact her motion seeks to strike only a single correction listed on Mr. Stark's errata sheet, which corrects "The automated dialing system, I'm comfortable saying **is a predicted dialer**, yes" to "The automated dialing system, I'm comfortable saying, **can be used as a predictive dialer**, yes." [Errata Sheet for Deposition of Kevin Stark as Designee

1

for LiveVox (the "Errata Sheet"), attached hereto as Exhibit A.] Plaintiff has not shown that this change is improper and should be stricken.[1]

This correction is, in fact, well within the bounds of an appropriate correction under Fed. R. Civ. P. 30(e) and the authority interpreting that Rule. Although courts in this Circuit have rejected errata sheets making substantial revisions to deposition testimony, those cases have no applicability to the simple and uncontroversial correction at issue. *See Trout v. FirstEnergy Generation Corp.*, 339 Fed. Appx. 560, 565-66 (6th Cir. 2009) (noting trial court's acceptance of deposition errata changing testimony that condition was first observed on January 20 to being first observed on February 2; timely reporting of the condition was a central issue); *Clare v. Chrysler Grp.*, No. 13-11225, 2014 WL 2515212, *2 (E.D. Mich. June 4, 2014) (striking errata sheet that added many additional points to testimony and thus materially altered it); *Walker v. 9912 East Grand River Assocs., LP*, No. 11-12085, 2012 WL 1110005, *3-4 (E.D. Mich. Apr. 3, 2012) (striking errata sheet that sought, *inter alia*, to change testimony that plaintiff had been somewhere once and could not remember going to the bathroom at a location,

---

[1] Plaintiff initially asserts, but then abandons, makeweight arguments that LiveVox did not reserve its right to review and sign the deposition transcript and that the errata sheet was not timely. The first argument is belied by Exhibit 1 to Plaintiff's Motion, pages 63 through 65 of which are a blank errata sheet. Thus, the reporter expressly provided for Mr. Stark to review and sign his transcript. The second argument also fails. Mr. Stark signed his errata sheet on July 6, 2016, well within the 30-day period, but because of an administrative error, the sheet was not circulated until 12 days after that period (which is not jurisdictional) expired. Plaintiff has suffered no prejudice and does not seriously argue that the 12-day delay has any impact here.

2

to testimony that he had been there several times and not only remembered going to the bathroom, but could describe aspects of it); *see also Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498, *1-2 (S.D. Ohio July 21, 2014) (striking errata sheet that sought to add multiple sentences and other substantial changes); *Duff v. Lobdell-Emery Mfg. Co.*, 926 F. Supp. 799, 803-04 (N.D. Ind. 1996) (striking errata that sought to add several sentences to deposition testimony). In contrast to the proposed corrections in these cases, the Errata Sheet here corrects minor transcription errors and is plainly appropriate under Fed. R. Civ. P. 30(e).

Because a dialing system's present and potential capacity are relevant to whether that system is an ATDS under the TCPA, the statement that LiveVox's automated dialing system *"can be used as* a predictive dialer," has no different legal impact than a statement that the system *"is* a predictive dialer." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 ¶¶ 16-20 (FCC July 10, 2015). Mr. Stark's testimony regarding LiveVox's automated outbound dialing system, as properly corrected, is that it "has predictive functionality" and thus "can be used as a predictive dialer." [Deposition of Kevin Stark at 35:12-17, attached hereto as Exhibit B (in the interest of avoiding burden on the Court, only this excerpt of the transcript is attached); Errata Sheet, attached hereto as Exhibit A.]

Correcting the erroneous transcription of "predicted dialer" to the term of art "predictive dialer" is also appropriate, as Plaintiff concedes by not contesting other corrections in the Errata Sheet making that exact same change. [Errata Sheet, attached hereto as Exhibit A.] As Plaintiff's counsel knows, the phrase "predictive dialer" is a term of art in the industry and under the TCPA, and that is the term Mr. Stark used. LiveVox's corrections of the transcription of Mr. Stark's deposition are appropriate and should be accepted.

## CONCLUSION

For all of the reasons set forth herein, LiveVox respectfully submits that the Errata Sheet makes minor and appropriate corrections. As a result, Plaintiff's motion should be denied and no part of LiveVox's Errata Sheet should be stricken.

Respectfully submitted,
COLLINS EINHORN FARRELL PC

BY: */s/ Deborah A. Lujan*
DEBORAH A. LUJAN (P46990)
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Nathaniel P.T. Read, Esq.
nread@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, New York 10022
Telephone: (212) 757-7600

Dated: August 18, 2016          *Attorneys for Non-Party LiveVox, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of August, 2016, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                          Respectfully submitted,

                          COLLINS EINHORN FARRELL PC

BY:  */s/ Deborah A. Lujan*
       DEBORAH A. LUJAN (P46990)
       4000 Town Center, 9th Floor
       Southfield, MI 48075
       (248) 355-4141

       Nathaniel P.T. Read, Esq.
       nread@cohengresser.com
       COHEN & GRESSER LLP
       800 Third Avenue, 21st Floor
       New York, New York 10022
       Telephone: (212) 757-7600

Dated: August 18, 2016       *Attorneys for Non-Party LiveVox, Inc.*