UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKISHA T. SMITH,

Plaintiff,

vs.

STELLAR RECOVERY, INC. and
COMCAST CORPORATION, and
COMCAST OF DETROIT, LLC,

Defendants.

Case No.: 15-cv-11717
Hon. Stephen J. Murphy, III
Hon. Magistrate Mona K. Majzoub

**DEFENDANT, STELLAR RECOVERY, INC'S, NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW Defendant, Stellar Recovery, Inc. ("Stellar"), by and through its undersigned counsel, and hereby files this Notice of Filing Supplemental Authority in support of Defendant's Motion for Partial Summary Judgment with Supporting Memorandum of Law [DE 44], and attaches a true and correct copy of the United States District Court, Middle District of Florida, Tampa Division's Order [DE 63] on the Defendant's Motion for Summary Judgment [DE 41] entered on September 2, 2016 in the case styled, *Eduardo Pozo v. Stellar Recovery Collection Agency, Inc.,* Case No. 8:15-cv-929-T-AEP, as attached hereto.

As in the instant case, the main issue in the *Pozo* case was whether the LiveVox HCI system utilized by Stellar to call Plaintiff is an automatic telephone dialing system ("ATDS") under the TCPA. The *Pozo* Court granted Summary Judgment in Defendant's favor on the ATDS issue, concluding that "because [Defendant] Stellar's HCI system required its representatives to manually dial all calls and was not capable of making any calls without human intervention, Stellar did not employ an autodialer. Because Stellar did not make autodialed calls, Stellar cannot be liable

under the TCPA." *Id*. at 11. In so concluding the Court also stated "There is no evidence that Stellar could modify HCI to make autodialed calls. HCI uses its own unique software and hardware different from other LiveVox systems. HCI is stored on a separate server from other LiveVox systems. HCI does not possess any features that may be activated to enable automated calling. Furthermore, [there are] multiple cases…illustrating that electronic systems using point and click software are not autodialers." *Id*. at 10.

WHEREFORE, Defendant Stellar Recovery, Inc. hereby requests that this Court consider this case, which was decided after Defendant filed their Motion for Partial Summary Judgment, as supplemental authority in support of their motion.

Dated this 8th day of September, 2016.

Respectfully submitted,

**/s/Alison N. Emery**
Alison N. Emery
Assurance Law Group
3731 Hendricks Avenue
Jacksonville, FL 32207
904-497-4904 (phone)
904-458-8979 (fax)
alison@assurancelawgroup.com

## CERTIFICATE OF SERVICE

I, Alison Emery, Counsel for Stellar Recovery, hereby certify that on September 8, 2016 I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Eastern District of Michigan, Southern Division, using the ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

/s/Alison N. Emery
Alison N. Emery