UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKISHA T. SMITH,

Plaintiff,

vs.

STELLAR RECOVERY, INC. and
COMCAST CORPORATION, and
COMCAST OF DETROIT, LLC,

Defendants.

Case No.: 15-cv-11717
Hon. Stephen J. Murphy, III
Hon. Magistrate Mona K. Majzoub

### DEFENDANT, STELLAR RECOVERY, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, Defendant, Stellar Recovery, Inc. ("Stellar"), by and through its undersigned counsel, and hereby files this Response to Plaintiff's Notice of Filing Supplemental Authority in opposition to Defendant's Motion for Partial Summary Judgment [DE 44].

Plaintiff has called to this Court's attention the recent opinion in *Espejo v Santander Consumer USA, Inc*, ___F Supp 3d___; 2016 U.S. Dist. LEXIS 142259 (ND Ill, Oct. 14, 2016). Plaintiff attempts to equate the "Aspect Telephone system" used by Santander Consumer USA, Inc., which was determined by the *Espejo* Court to constitute an automatic telephone dialing system ("ATDS") under the TCPA, to the LiveVox HCI system used by Stellar in the instant case. [*See Espejo* at 15-16.] There are a number of reasons why the HCI system used by Stellar is markedly different than the Aspect system used by Santander in *Espejo*. First, the Aspect system uploads a list of numbers from which the system itself automatically dials, in contrast to the LiveVox HCI system, which requires an agent to click to dial each call manually. [*Espejo* at 11-

12; *see also* Deposition of Kevin Stark ("Stark Dep."), Page 20, Lines 6-7; Page 28, Lines 10-11; Page 56, Lines 21-25 and Page 57, Line 1]. Second, the Aspect system uses "an algorithm designed to efficiently match available agents to answered calls." [*Espejo* Dkt. 96, at 5.] The HCI system has no such algorithm, nor any algorithm at all, to predict agent availability. It is managed manually. [Stark Dep., Page 36, Lines 9-10.]

*Espejo* demonstrates that the Aspect system relies on a minimal amount of human action. The Aspect dialer operations team uploads a file of phone numbers, then agents log in and press buttons indicating their availability. The system then responds by using an algorithm to automatically dial numbers from the uploaded list without any further human intervention. [*Espejo* at 11-12.] This is vastly different from the HCI system, where every single call is made as a direct result of human intervention in the form of a click by a clicker agent (and no call can be made without that specific human intervention for that call), along with simultaneous judgment and discretion by that clicker agent in monitoring the real-time dashboard to check on agent availability, number of calls in progress, and other metrics. [Stark Dep., Page 20, Lines 6-7; Page 28, Lines 10-11; Page 56, Lines 21-25; Page 57, Line 1, and Page 59, Lines 17-20.]

The *Espejo* Court held that the Aspect system is a predictive dialer, and therefore an ATDS, as indicated by the FCC. [*Espejo* at 15-16.] The HCI system, by contrast, is in no way a predictive dialer, as it uses no algorithms or automatic dialing and requires an agent to initiate each call. Consequently it is markedly distinct from the Aspect system, and cannot be considered an ATDS. [Stark Dep., Page 20, Lines 6-7; Page 28, Lines 10-11; Page 56, Lines 21-25; Page 57, Line 1 and Page 60, Lines 6-12.]

For the reasons set forth above, Defendant Stellar submits that the *Espejo* case's description of and holding regarding the Aspect system further demonstrates that the LiveVox HCI system is

not an ATDS. As a result, contrary to Plaintiff's incorrect position, *Espejo* in fact supports granting summary judgment to Defendant Stellar.

Dated this 8th day of November, 2016.             Respectfully submitted,

**/s/Alison N. Emery**
Alison N. Emery
Assurance Law Group
3731 Hendricks Avenue
Jacksonville, FL 32207
904-497-4904 (phone)
904-458-8979 (fax)
alison@assurancelawgroup.com

## CERTIFICATE OF SERVICE

I, Alison Emery, Counsel for Stellar Recovery, hereby certify that on November 8, 2016 I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Eastern District of Michigan, Southern Division, using the ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

/s/Alison N. Emery
Alison N. Emery