UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKISHA T. SMITH,
        Plaintiff,

    Vs.

STELLAR RECOVERY, INC. and
COMCAST CORPORATION, and
COMCAST OF DETROIT, LLC,

        Defendants.

Case No.: 15-cv-11717
Hon. Stephen J. Murphy, III
Hon. Magistrate Mona K. Majzoub

_____

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE

Plaintiff, Lakisha Smith, respectfully submits the following response to Defendant's Motion to Strike [DE 67] Plaintiff's Reply to Defendant's Response to Plaintiff's Notice of Supplemental Authority [DE 62].

## I.    Defendant's Motion to Strike

Throughout this litigation, Defendant has attempted to conceal the various automated processes involved in its LiveVox Human Call Initiator ("LiveVox HCI") telephone dialing system. Defendant has done this in each of its filings submitted in connection with the cross-motions for summary judgment, it did so in response to Plaintiff's Notice of Supplemental Authority, and it has once again done so in its motion to strike.

In its Motion to Strike, Defendant highlights that its Response to Plaintiff's Notice of Supplemental Authority was only two pages, as if that somehow demonstrates that Plaintiff should not have been permitted to reply to that pleading. The reason Defendant's response was only two pages is that Defendant provided an incomplete description of the LiveVox HCI dialing system in an attempt to distinguish that dialer from the Aspect Dialer involved in *Espejo v. Santander Consumer USA, Inc.*, No. 11-cv-8987 (N.D. Ill. Oct. 14, 2016) [DE 62-1]. In contrast, Plaintiff meticulously detailed each automated component and phase of Defendant's dialing system, which understandably required more pages.

Defendant keeps arguing that Plaintiff has "blatantly misrepresented" the deposition testimony of Kevin Stark, yet each description of how Defendant's LiveVox HCI dialing system works is supported by a specific page citation in Mr. Stark's deposition transcript. Mr. Stark's deposition testimony makes clear that Defendant's LiveVox HCI dialing system (1) utilizes an automated call distributor, with predictive functionality, to determine when an agent is available to take a call, and (2) an automated media server, which places calls without a live person being on the line and instead relies on an automated voice detection application to determine whether the call is answered.[1] The fact that LiveVox has crowbarred a

---

[1] In 2008, the FCC issued a Declaratory Ruling reaffirming that "a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling, 23 F.C.C. Rcd. 559, 566 ¶ 12, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 Declaratory Ruling")

meaningless clicker agent into its automated dialing system is insufficient to avoid the restrictions of the Telephone Consumer Protection Act ("TCPA").  ***This is the point of the Espejo decision and is why Plaintiff has offered additional details from Kevin Stark's deposition testimony.***

The deposition testimony of Kevin Stark is devastating to Defendant's argument that the LiveVox HCI dialing system is not covered by the TCPA. Defendant realizes this, which is why Defendant wants to prevent the Court from considering the most thorough and accurate analyses of that testimony.

In the event this Court's ruling on the cross-motions for summary judgment is appealed, Plaintiff will be able to offer the exact same arguments and analyses of Mr. Stark's testimony that have been offered in Plaintiff's Reply to Defendant's Response to Plaintiff's Notice of Supplemental Authority.  For that reason, this permitted to consider those arguments and analyses in rendering a decision on the cross-motions for summary judgment.

## II.   CONCLUSION

WHEREFORE, Plaintiff Latisha Smith hereby requests that this Court deny Defendant's motion to strike [DE 67].

Respectfully submitted,

/s/ Stephen A. Thomas

December 2, 2016                 STEPHEN A. THOMAS P43260
                                 Attorney for Plaintiff

3

4

                                                  645 Griswold St., Suite 1360
                                                  Detroit, Michigan  48226
                                                  313-965-2265
                                                  sthomas@313965Bank.com

## CERTIFICATE OF SERVICE

I, Stephen A. Thomas, hereby state that on December 2, 2016, I filed the foregoing document using the court's CM/ECF System, and all counsel of record will receive the same.

                                                  /s/ Stephen A. Thomas
                                                  Attorney for Plaintiff