# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LAKISHA T SMITH,<br><br>   Plaintiff,<br><br>v.<br><br>STELLAR RECOVERY, INC;<br>COMCAST CORPORATION;<br>COMCAST OF DETROIT, LLC,<br><br>   Defendant(s). | **Case No. 2:15-cv- 11717-SJM- MKM**<br><br>**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF FEBRUARY 7, 2017 [Doc # 71] AND BRIEF IN SUPPORT** |

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAKISHA T SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STELLAR RECOVERY, INC;<br>COMCAST CORPORATION;<br>COMCAST OF DETROIT, LLC,<br><br>Defendant(s). | Case No. 2:15-cv- 11717-SJM- MKM<br><br>**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF FEBRUARY 7, 2017 [Doc # 71]** |

    Plaintiff Lakisha T. Smith ("Plaintiff"), pursuant to Fed. R. Civ. P. 72(h), moves the Court for an Order declining to adopt Report and Recommendation [Doc # 71] as to the Magistrate Judge's finding that the LiveVox HCI system is not an Automatic Telephone Dialing System under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

    WHEREFORE, Plaintiff requests that the Court grant her Motion for Partial Summary Judgment and enter a judgment in favor of Plaintiff as further requested in the legal brief submitted.  [Doc 38].

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 22, 2017 | /s/ Stephen A. Thomas<br>STEPHEN A. THOMAS P43260<br>Attorney for Plaintiff<br>645 Griswold St., Suite 1360<br>Detroit, Michigan  48226<br>313-965-2265<br>sthomas@313965bank.com |

1

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

CONCISE STATEMENT OF ISSUES PRESENTED ....................................... iv

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS ................................................................................... 3

STANDARD OF REVIEW .................................................................................. 4

MAGISTRATES JURISDICTION ...................................................................... 4

OBJECTION #1 .................................................................................................... 5

ARGUMENT ........................................................................................................ 5

I.  Pozo court did not have the deposition testimony of
Kevin Stark and Racheal Vallarilli ...................................................................... 5

II.  The Pozo court did not consider Supplemental Authority
[70] In Opposition to Defendant's Motion for Partial Summary Judgment [DE 44] .......... 7

III.  The LiveVox HCI system is predictive dialer which makes it an ATDS ................... 12

IV.  The LiveVox HCI system is a system composed of
several pieces of equipment which makes it a ATDS ....................................... 12

CONCLUSION ................................................................................................... 13

# INDEX OF AUTHORITIES

**CASES:**

*Bennett v. General Caster Sendee of N. Gordon Co., Inc.*,
967 F.2d 995, 997(6th Cir. 1992) ...................................................................................5

*In re Collecto, Inc.*, 14-MD-02513-RGS, 2016 U.S. Dist. LEXIS 16319,
2016 WL 552459, at *4 (D. Mass. Feb. 10, 2016) ...........................................................2

*Cespedes v Coughlin*, 956 F. Supp 454, 463 (S.D.N.Y. 1997)............................................4

*Espejo v Santander Consumer USA, Inc*, ___F Supp 3d___;
2016 U.S. Dist. LEXIS 142259 (ND Ill, Oct. 14, 2016)......................................................3

*Flournoy v Marshall*, 842 F.2d 875. 878-79 (6th Cir. 1988)................................................4

*Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2753, 2014 U.S. Dist. LEXIS
171325, 2014 WL 7005102, at *5 n.10 (N.D. Ill. Dec. 11, 2014) .....................................2

*Massey v City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993)..........................................4

*Nettles v Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982),
overruled in part on other grounds, 79 F.3d 1415 (5th Cir. 1996)......................................4

*North Am. Watch Corp. v Princess Ermine Jewels,*
786 F2d 1447 (9th Cir. 1986) ...............................................................................................4

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*
725 F,2d 537, 546 (9th Cir. 1984) .......................................................................................4

*Pozo v Espejo v Santander Consumer USA, Inc*, ___F Supp 3d___;
2016 U.S. Dist. LEXIS 142259 (ND Ill, Oct. 14, 2016).........................................3, 5, 6, 7

*United States Fidelity and Guar. Co. v Thomas Solvent Co.*
955 F.2d 1085, 1088 (6th Cir. 1992..................................................................................4

**FEDERAL RULES:**

Fed R. Civ. P. 72(b) ...........................................................................................................4

Fed R. Civ. P. 72(h) ...........................................................................................................3

**FEDERAL STATUTES:**

28 U.S.C §636 ..............................................................................................................4, 5

28 U.S.C. § 1746 ..........................................................................................................3

Article III of the Constitution ......................................................................................4

**FCC REPORTS AND DECISIONS:**

In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling, 23 F.C.C. Rcd. 559, 566 ¶ 12, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 Declaratory Ruling) ................................................................................11

**OTHER AUTHORITIES:**

https://www.merriam-webster.com/dictionary/system ......................................................12

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Whether the Magistrate Judge erred in finding the HCI system was not ATDS.

**Plaintiff Answers: Yes.**

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAKISHA T SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STELLAR RECOVERY, INC;<br>COMCAST CORPORATION;<br>COMCAST OF DETROIT, LLC,<br><br>Defendant(s). | Case No. 2:15-cv- 11717-SJM- MKM<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF FEBRUARY 7, 2017 [Doc # 71]** |

**INTRODUCTION**

The LiveVox Human Call Initiator (HCI) dialing system can make calls and end calls without a live Stellar agent. [Frady Dep., pp. 72-73, ln. 18-18; pp. 75-76, ln. 20-3.] No live Stellar agent is ever on the line during any period when the calls are being placed. *Id*. The only time a call is placed with a live agent is when the media server, which uses automated voice detection technology, detects a human voice. [Frady Dep., pp. 73-74, ln. 19-8; Stark Dep., p. 40, ln. 13-21.] If the LiveVox voice detection technology detects that the call has been forwarded to a voicemail system or answering machine, the call is terminated without a message being left. [Frady Dep. p. 75, ln. 12-17; Stark Dep., pp. 43-44, ln. 21-4.] Only if the media server detects that a live person answered the call, the media server then determines whether a closer agent is available to speak with the called party. [Frady Dep., p. 80, ln. 6-19; Stark Dep., p. 42, ln. 3-6.] If the media server detects that a live person answered the call and no closer agent is available to speak with the called party, the called party is *placed on hold* until a closer agent becomes

1

available. [Frady Dep. pp. 61-62, ln. 23-21; Stark Dep., p. 46-47, ln. 10-1.] Finally, in order for the HCI dialing system to place a call, the Campaign Database, the Automatic Call Distributor (ACD), and the Media Server all need to be functional and "up and running." [Stark Dep., p. 34, ln. 11-16.]

In Espejo v Santander Consumer USA, Inc, ___F Supp 3d___; 2016 U.S. Dist. LEXIS 142259 (ND Ill, Oct. 14, 2016), the main issue was whether the "Aspect Telephone System" utilized by Santander Consumer USA, Inc. to call Plaintiff is an automatic telephone dialing system ("ATDS") under the TCPA. The Espejo Court denied Defendant's Motion for Summary Judgment on the ATDS issue, concluding that "As for the 'human intervention' required by Santander's Aspect system, its own description of that system reveals that there is little to speak of . According to Santander, its 'dialer operations team' 'uploads' a 'file' containing a 'criteria-generated list' of telephone numbers derived from factors 'such as account behavior scores, account balances, new loan status, days past due and amounts past due.' Dkt. 96, at 5. And 'when agents log-in and press buttons indicating their availability,' the Aspect system's 'dialer' 'responds to these agent-initiated [*12] signals by dialing numbers from the uploaded list, using an algorithm designed to efficiently match available agents to answered calls.' *Id*. Thus, according to Santander's own description, its Aspect 'dialer'—not the agents—makes the calls 'by dialing numbers from the uploaded list.' That 'some act of human agency occurs at some point in the process' does nothing to place Santander's automated 'dialer' beyond the TCPA's reach, since a person 'will always be a but-for cause of any machine's action.' See *In re Collecto, Inc.*, 14-MD-02513-RGS, 2016 U.S. Dist. LEXIS 16319, 2016 WL 552459, at *4 (D. Mass. Feb. 10, 2016) (emphasis in original); *Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2753, 2014 U.S. Dist. LEXIS 171325, 2014 WL 7005102, at *5 n.10 (N.D. Ill. Dec. 11, 2014)). " This is the

same argument Defendant Stellar Recovery, Inc. used in the Pozo v Espejo v Santander Consumer USA, Inc, ___F Supp 3d___; 2016 U.S. Dist. LEXIS 142259 (ND Ill, Oct. 14, 2016 case with the DECLARATION OF LAURENCE H. SIEGEL, which reads in part:

I, LAURENCE H. SIEGEL, hereby declare under the penalty of perjury that
the foregoing is true and correct pursuant to 28 U.S.C. § 1746:
1. My name is Laurence H. Siegel. I am the Executive Vice President of
Product Development for LiveVox, Inc. ("LiveVox").
7. Every call launched using HCI requires human intervention by an agent:
an employee or other person working on behalf of the LiveVox customer making
the call. The human intervention takes the form, in part, of a "clicker agent"
clicking on a dialogue box to confirm the launching of a call to each particular
telephone number. The call will not be launched unless the clicker agent clicks on
the dialogue box.
8. The clicker agent is also able to monitor a real-time dashboard that
contains information about "closer agent" availability, number of calls in progress,
and related metrics. The closer agent is the agent designated by the LiveVox
customer to speak with the call recipient. In addition to the action required by the
clicker agent, in order for a call to be launched in HCI, there must be a closer agent
who is available to take the call. Further, HCI is designed to allow a clicker agent
to control how often calls are made by reviewing the dashboard and making
judgments based on that information when deciding when to launch any particular
call.
9. A clicker agent, when logged into HCI, is logged into HCI only and not
into any other LiveVox outbound dialing system. To log into any other LiveVox
outbound dialing system, the clicker agent would first need to log out of HCI.

**STATEMENT OF FACTS**

The material facts revealed through the Kevin Stark and Racheal Vallarilli deposition transcripts have already been detailed to the Court through Plaintiff's motion for partial summary judgment [DE 38] to which those transcripts were originally attached. The Pozo court did not consider either Kevin Stark or Racheal Vallarilli depositions. The Pozo court relied on the Declaration of Laurence H. Siegal in making its ruling. Plaintiff Smith argued to the court that the Declaration of Laurence H. Siegal was a sham, based in part on the sworn testimony of both Stark and Vallarilli. [Doc # 58]

3

The campaign database which is part of the HCI system has the capacity to store numbers. [Stark Dep., p. 17, ln. 3-5, p 18, ln. 12-15]. The Automatic Call Distributor (ACD), which is part of the HCI system, also has the capacity to store numbers. [Stark Dep., p. 21, ln. 4-12]. The HCI system has the capacity to dial numbers. [Vallarilli Dep. p. 118, ln. 21-25]

**STANDARD OF REVIEW**

A district court must make a de novo determination of any portion of a magistrate judge's recommended disposition to which a timely objection is filed. 28 U.S.C §636(b)(l); Fed, R. Civ. P. 72(h): United States Fidelity and Guar. Co. v Thomas Solvent Co. 955 F.2d 1085, 1088 (6th Cir. 1992). This review is constitutionally and jurisdictionally mandated under Article III of the Constitution. Massey v City of Ferndale, 7 F.3d 506, 510-11 (6™ Cir. 1993); Flournoy v Marshall, 842 F.2d 875. 878-79 (6th Cir. 1988). De Novo determination requires "fresh consideration" of a magistrate judge's recommendation. Nettles v Wainwright, 677 F.2d 404, 408 (5th Cir. 1982), overruled in part on other grounds, 79 F.3d 1415 (5™ Cir. 1996). The district court is free to substitute his or her own view for that of the magistrate without making any threshold finding. Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc. 725 F,2d 537, 546 (9th Cir. 1984), no presumption of validity attaches to magistrate's findings or recommendations. Cespedes v Coughlin, 956 F. Supp 454, 463 (S.D.N.Y. 1997). The determination may be based on the record of the proceedings before the magistrate judge or be made after taking additional evidence. Fed. R. Civ. P. 72(b); North Am. Watch Corp. v Princess Ermine Jewels, 786 F2d 1447 (9th Cir. 1986).

**MAGISTRATES JURISDICTION**

On March 22, 2016 this court referred this case to Magistrate Judge Capel to "conduct all pretrial proceedings". [**Doc # 25**]. The Federal Magistrates Act vests magistrate judges

4

with limited jurisdiction to enter orders. 28 U.S.C. § 636(h)(1)(A) provides that a district court may designate a magistrate judge to "hear and determine any pretrial matter pending before the court" subject to eight enumerated exceptions which have been interpreted by the courts as nonexhaustive and extend to orders analogous to those set forth in the list. Bennett v. General Caster Sendee of N. Gordon Co., Inc., 967 F.2d 995, 997(6™ Cir. 1992). Expressly excluded from magistrate judge jurisdiction are orders for summary judgment and orders to dismiss. Fed R. Civ. P. 72(b)(1). In this court's review of the magistrate's report and recommendation, the Plaintiff submits that the order of February 7, 2017 recommendation to order summary judgment are to be reviewed de novo. [Doc # 71]

**OBJECTION #1[1]**

**ARGUMENT**

  I.  **Pozo court did not have the deposition testimony of Kevin Stark and Racheal Vallarilli.**

Defendant Stellar was able to keep out the testimony of Kevin Stark and Racheal Vallarilli. Pozo presented no evidence to survive Summary Judgment. The Pozo court had only the Declaration of Laurence H. Siegal. After Pozo learned of this case and the depositions conducted by Plaintiff Smith, Pozo filed its Motion for Reconsideration re 63 Order on motion for summary judgment by Eduardo Pozo. (Pozo Doc #65). While the motion was pending, the case was settled. Plaintiff Smith submits to the court that due to the low calls in the Pozo case, Defendant Stellar settled the matter to allow the Order on motion for summary judgment to stand. (Pozo Doc #63 and 73). The following is the Pozo Docket History:

---

[1] HCI System - Therefore, summary judgment should be awarded to Defendant Stellar Recovery on Plaintiff's TCPA claims arising from all calls made on or after August 12, 2014 [which appears on page 13 of the Report and Recommendation]

5

| 2016-09-02 | 63 | Order on motion for summary judgment | ORDER granting in part and denying in part 41 Motion for summary judgment. Signed by Magistrate Judge Anthony E. Porcelli on 9/2/2016. (CLA) (Entered: 09/02/2016) |
|---|---|---|---|
| 2016-09-15 | 64 | | NOTICE of hearing: Status Conference set for 9/29/2016 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli; The parties shall appear telephonically at the hearing by calling toll-free number 1-888-684-8852 on the day of the hearing and entering access code 8895301 followed by security code 0929 upon request. (Entered: 09/15/2016) |
| 2016-09-21 | 65 | | MOTION for Reconsideration re 63 Order on motion for summary judgment by Eduardo Pozo. (Attachments: # 1 Exhibit Depo of Kevin Stark from Livevox, # 2 Exhibit Livevox |

| | | | |
|---|---|---|---|
| | | | structure)(Wilcox, Lisa) (Entered: 09/21/2016) |
| 2016-10-14 | 73 | | NOTICE of settlement by Stellar Recovery Collection Agency, Inc. (Kohlmyer, Ernest) (Entered: 10/14/2016) |
| 2016-10-17 | 74 | | ENDORSED ORDER denying as moot 65 Motion for Reconsideration in light of the 73 Notice of settlement filed by Stellar Recovery Collection Agency, Inc. Signed by Magistrate Judge Anthony E. Porcelli on 10/17/2016. (JMF) (Entered: 10/17/2016) |

**II.     The Pozo court did not consider Supplemental Authority [70] In Opposition to Defendant's Motion for Partial Summary Judgment [DE 44].**

Taken in conjunction with one another, the Frady, Stark, and Vallarelli deposition transcripts establish the following with regard to the LiveVox Human Call Initiator dialing system that was used to call Plaintiff in this case:

1. When placing calls to telephone numbers identified in accounts, Stellar uses dialing services provided by LiveVox, Inc. ("LiveVox"). [Frady Dep., pp. 38-39, ln. 21-13; Vallarelli Dep. p. 139, ln. 16-18.]

2. Before Stellar can begin using the LiveVox dialing systems, Stellar electronically sends LiveVox a file of telephone numbers and the account numbers associated with those telephone numbers. [Frady Dep. p. 38-29, ln. 21-13; pp. 87-88, ln. 19-8.]

3. The telephone numbers are loaded into, and stored in, a "campaign database" located in New York. [Stark Dep. pp. 16-17, ln. 22-5; p. 18, ln. 12-15; p. 29, ln. 6-11.]

4. If LiveVox determines that a telephone number identified in the account is provided by a cellular service carrier, LiveVox uses its LiveVox Human Call Initiator ("LiveVox HCI") telephone dialing system to place calls to that number. [Frady Dep., p. 24, ln. 10-19; pp. 38-39, ln. 21-18.]

5. The LiveVox HCI system places calls through use of an automated process that has predictive dialer functionality. [Stark Dep., p. 35, ln. 6-17; Vallarelli Dep. p. 145, ln. 4-9.]

6. An "automated call distributor" or "ACD," which is also located in New York, pulls telephone numbers from the campaign database and presents them to a "clicker agent" based on the availability of "closer agents" to participate in a conversation with the party to be called. [Stark Dep., pp. 20-23, ln. 20-1; p. 29, ln. 6-11, p. 30-31, ln. 16-1.]

7. The clicker agents and closer agents are located at Stellar's facility and login to LiveVox platforms through computers at their workstations. [Frady Dep., pp. 43-45, ln 12-18.]

8. The ACD has the capacity to store numbers for the purpose of presenting them to the clicker agent. [Stark Dep. pp. 20-23, ln. 20-1; p. 29, ln. 6-11.]

9. The ACD has "predictive functionality," which makes it a "predictive dialer." [Stark Dep., p. 35, ln. 6-17.]

10. The ACD is the primary component in the LiveVox HCI dialing system. [Stark Dep., p. 59, ln. 2-3.]

11. Once the telephone numbers and account information have been provided to LiveVox, the ACD presents telephone numbers to the clicker agent through an icon on the computer screen. [Frady Dep., pp. 50-51, ln. 3-19; Stark Dep. p. 20, ln 6-16.]

12. Each clicker agent sits in a cubicle with a computer screen in front of him or her. [Frady Dep., pp. 43, ln. 19-21.]

13. The clicker agent then begins clicking on the telephone number icons using a mouse or the spacebar on his or her keypad. [Frady Dep., p. 50, ln. 9-11; Stark Dep., pp. 56-57, ln. 23-1.]

14. The sole function of the clicker agent is to click on the telephone number icons, which then transmits the telephone number to the next automated phase of the LiveVox HCI dialing system. [Stark Dep., p. 28, ln. 9-11; p. 30, ln. 12-23.]

15. The clicker agent does not wear a headset or utilize any phone equipment to speak with any individuals who are called through use of the LiveVox HCI dialing system. [Frady Dep., p. 46, ln. 8-14.]

16. The clicker agent does not speak with any recipients of calls that are placed through the LiveVox HCI dialing system. [Frady Dep., p. 46, ln. 8-14.]

17. The clicker agent is never on the line when any call is placed and never hears any call being dialed. [Frady Dep., pp. 72-73, ln. 18-8.]

18. While engaged in clicking, the clicker agent is able to view statistics on his or her computer screen that identify how many "closer agents" are available to speak with consumers and how many calls are currently on hold waiting to be connected to a "closer agent." [Frady Dep., pp. 50-52, ln. 15-21, pp. 70-71, ln. 18-5.]

19. The clicker agent is able to rapidly click on the telephone number icons so that a high volume of telephone numbers are transmitted to the media server within seconds. [Frady Dep., p. 72, ln. 7-17; Stark Dep., p. 30, ln. 9-13.]

20. Typically, the clicker agent clicks on more telephone number icons than there are available agents to take calls. [Frady Dep., pp. 56-57, ln. 21-23.]

9

21. Even when there are consumers waiting on hold to be connected to a "closer agent," the clicker agents typically continue to click on telephone number icons. It is only when too many customers are on hold that the clicker agents will be instructed to slow down or stop their clicking. [Frady Dep. pp. 54-55, ln. 21-6, p. 56, ln. 13-20.]

22. After the clicker agent clicks on the icon, the telephone number is transmitted to a "media server," which is "a component of the LiveVox platform that interfaces with the carriers that LiveVox uses." [Stark Dep., p. 25, ln. 16-22; p. 29, ln. 17-24.]

23. The media server "is the gateway to the carriers…[W]ithout [the media server], calls can't go out." [Stark Dep., p. 61, ln. 14-17.]

24. LiveVox, not Stellar, is the subscriber to the telephone numbers that are used to place calls using its LiveVox HCI dialing system. [Frady Dep., p. 64, ln. 2-9.]

25. No live agent is on the call when the LiveVox places the call to the carrier that LiveVox uses to connect the call. [Frady Dep., pp. 72-73, ln. 18-18.]

26. Instead, the media server uses automated voice detection technology to determine whether a live person answers the call or whether the call is forwarded to a voicemail system or answering machine. [Frady Dep., pp. 73-74, ln. 19-8; Stark Dep., p. 40, ln. 13-21.]

27. While the call is being placed, the closer agent is not on the line and does not hear the call dialing. [Frady Dep., pp. 72-73, ln. 18-18.]

28. If the LiveVox voice detection technology detects that the call was forwarded to a voicemail system or answering machine, the call is terminated without a message being left. [Frady Dep. p. 75, ln. 12-17; Stark Dep., pp. 43-44, ln. 21-4.]

29. If the media server detects that a live person answered the call, the media server then determines whether a closer agent is available to speak with the called party. [Frady Dep., p. 80, ln. 6-19; Stark Dep., p. 42, ln. 3-6.]

30. If the media server detects that a live person answered the call and no closer agent is available to speak with the called party, the called party is placed on hold until a closer agent becomes available. [Frady Dep. pp. 61-62, ln. 23-21; Stark Dep., p. 46-47, ln. 10-1.]

31. For calls that the LiveVox voice detection technology identifies as having been forwarded to a voicemail system or answering machine, no live Stellar agent is ever on the line during any period when the call is being placed.  It is only after the LiveVox HCI dialing system determines that a live person answered the call and a closer agent is available that a live Stellar agent is finally joined to the call. [Frady Dep., pp. 72-73, ln. 18-18; pp. 75-76, ln. 20-3.]

32. In order for the LiveVox HCI dialing system to place a call, the campaign database, the ACD, and the media server all need to be functional and "up and running." [Stark Dep., p. 34, ln. 11-16.]

### III.     The LiveVox HCI system is predictive dialer which makes it an ATDS.

In 2008, the FCC issued a Declaratory Ruling reaffirming that "a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling, 23 F.C.C. Rcd. 559, 566 ¶ 12, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 Declaratory Ruling").  Stark testified that the ACD used in the LiveVox HCI System is a predictive dialer.  [Stark Dep., p. 35, ln. 6-17]

### IV.     The LiveVox HCI system is a system composed of several pieces of equipment which makes it an ATDS.

11

According to https://www.merriam-webster.com/dictionary/system the **Definition of System is:** a regularly interacting or interdependent group of items forming a unified whole. The LiveVox HCI system is a system comprised of the following items:

A. Campaign database;

B. Automatic Call Distributor (ACD); and

C. Media server pool.

The campaign database and the ACD have the capacity to store phone numbers, to produce numbers and the Media Server Pool has the capacity to dial numbers. [Stark Dep., p.21 ln 9; 21., p 29 ln 9 ] That is the definition of an ATDS. The LiveVox HCI system cannot function without the Campaign database, Automatic Call Distributor (ACD) or Media server pool. [Stark Dep., p.33 ln 8]

**CONCLUSION**

Plaintiff has presented evidence that the LiveVox HCI is both a predictive dialer and an Automatic Telephone Dialing System (ATDS). The magistrate judge in Pozo did not have the deposition testimony of Kevin Stark and Racheal Vallarilli and never made a ruling on Pozo motion for reconsideration in that the parties settled the matter making it moot. Plaintiff requests a remand, reversal or a jury to decide whether the HCI system is an ATDS.

Respectfully submitted,

/s/ Stephen A. Thomas
Dated: February 22, 2017   STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan 48226
313-965-2265
sthomas@313965bank.com

12

**Certificate of Service**

    I, Stephen A. Thomas, hereby state that on February 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

|  |  |
|---|---|
|  | /s/ Stephen A. Thomas |
| Dated: February 22, 2017 | STEPHEN A. THOMAS P43260 |