UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKISHA SMITH,

    Plaintiff,

v.

STELLAR RECOVERY, INC., et al.,

    Defendants.
                                    /

Case No. 2:15-cv-11717

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND
TIME [74], OVERRULING PLAINTIFF'S OBJECTIONS [72],
ADOPTING REPORT AND RECOMMENDATION [71], GRANTING
IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT [38], GRANTING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [44], DENYING PLAINTIFF'S MOTIONS
TO STRIKE [49, 58], AND DENYING DEFENDANTS' MOTION TO STRIKE [67]**

Plaintiff LaKisha Smith brought a claim against Defendants Comcast Corporation, Comcast of Detroit, LLC, and Stellar Recovery, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 151–231, and state laws. The Court referred all pretrial matters to a magistrate judge, and the parties filed cross motions for partial summary judgment. The magistrate judge submitted a Report recommending the Court grant in part and deny in part Smith's motion, grant Defendants' motion, and deny both parties' motions to strike. Smith objected. For the reasons below, the Court will overrule the objections and adopt the Report.

## BACKGROUND

The Report properly details the events giving rise to Smith's action against the Defendants. *See* ECF 71, PgID 1936–40. The Court will adopt that portion of the Report.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b) governs review of a magistrate judge's report. If the parties "serve and file specific written objections to the proposed findings and recommendations," then the Court must review the report de novo. Fed. R. Civ. P. 72(b)(2). A district court need not review portions of a report, however, to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met their burden, the non-moving party may not simply rest on the pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the nonmoving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

**DISCUSSION**

As an initial matter, Defendants argue that Smith filed her objections late and the Court should overrule them on that basis. Defendants are correct that Smith filed her objections one day late. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections within 14 days of being served with a Report). After the late filing, however, Smith moved for an extension of time. ECF 74. The Court will address the objections on the merits due to the minimal additional time involved and the absence of any prejudice to Defendants.

Smith objects to the Report's conclusion with four arguments: (1) in *Pozo v. Stellar Recovery Collection Agency, Inc.*, No. 8:15-cv-929-T-AEP, 2016 WL 7851415 (M.D. Fla. Sept. 2, 2016), the court did not consider the deposition testimony of two witnesses in Smith's case, Kevin Stark and Kendra Vallarelli (mistakenly referred to as Racheal Vallarilli in Smith's brief); (2) the *Pozo* court did not consider the supplemental authority filed by Smith (ECF 70); (3) the Human Call Initiator (HCI) system is a predictive dialer and therefore an automatic telephone dialing system (ATDS); and (4) the HCI system is composed of several pieces of equipment which, when combined, form an ATDS. *See* ECF 72.

At the outset, Smith fails to identify which portions of the Report she believes to be in error. Instead, she makes a general objection to the Report's recommendation to grant partial summary judgment to Defendants. *See* ECF 72, PgID 1965 n.1. Her argument fails to satisfy Rule 72(b)(2), which requires that an objecting party "file specific written objections to the proposed findings and recommendations." "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed,

Smith's general objection asks the Court to duplicate the magistrate's role. "This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes" of referring the matter to the magistrate judge in the first place. *Id.*

Additionally, the magistrate judge warned Smith that "[a]ny objection must recite *precisely* the provision of the Report and Recommendation to which it pertains" and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." ECF 71, PgID 1954. Smith disregarded both the Rules and the magistrate's order. Rather than overruling her objection outright for lack of specificity, the Court will construe each of Smith's arguments as an individual objection to determine whether her filing meets the requirements of Rule 72.

I.   *The Pozo Objections*

Smith argues that the magistrate judge erred in the Report because the *Pozo* court did not consider the testimony of two key witnesses: Kevin Stark, the Director of Product Management for LiveVox, Inc., and Kendra Vallarelli, the Chief Analytics Officer for Defendant Stellar Recovery. In support, Smith provides 32 numbered excerpts from the Frady, Stark, and Vallarelli depositions—all of which are identical to excerpts that Smith had submitted earlier in the case. ECF 70. Apart from reciting the same facts taken from the depositions, Smith offers nothing to explain how the excerpts undermine the *Pozo* decision. Nor does she identify a specific error in the Report.

And Smith's objection is flawed for another reason. The mere fact that the *Pozo* court did not review the testimony in the current case does not render its opinion invalid. Courts rarely have the opportunity to review exact testimony that will be offered in a future case. Here, the magistrate judge ably applied the legal principles set forth in *Pozo* to the specific

facts of this case, including Stark and Vallarelli's testimony. Smith does not allege that the Report failed to consider Stark and Vallarelli's testimony. And in fact, the Report analyzed the depositions in detail. *See e.g.* ECF 71, PgID 1946 ("[The magistrate judge] has reviewed Mr. Stark's testimony, and finds the analysis in *Pozo* still applies in light of the description of the HCI system Mr. Stark provided."); *id.* at 1939–40 (analyzing Vallarelli's description of the HCI system).

Next, Smith contends that Stellar's settlement renders the *Pozo* court's summary judgment ruling invalid. In *Pozo*, Stellar settled the case immediately after the plaintiff moved the court to reconsider its order granting summary judgment. But Smith offers no reasons to explain her conclusion and the Court declines to "put flesh on [the] bones" of Smith's skeletal argument. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). The *Pozo* opinion carries precedential value based on its sound reasoning and legal analysis, regardless of whether the parties settled the matter after the opinion issued. Thus Smith's objections to *Pozo* fail to identify a specific legal or factual error in the Report that would mandate a different outcome on review.

II. *Predictive Dialer Objection*

In her next objection, Smith argues that Stark admitted that the automated call distributor (ACD) system had "predictive dialer functionality" which makes the ACD system a "predictive dialer." ECF 72, PgID 1972 (quoting ECF 38-2, PgID 573). And since the FCC has ruled that "a predictive dialer constitutes an automatic telephone dialing system," Smith concludes that the ACD used in Stellar's HCI system is an automatic dialer under the TCPA. ECF 72, PgID 1971 (citing *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 F.C.C. Rcd. 559, 566 ¶ 12, 2008

WL 65485 (F.C.C. Jan. 4, 2008)). Smith argument fails, however, to identify a specific error in the Report.

And, as the Report explained, the HCI system is characterized by one key factor that separates it from autodialers: it requires human intervention—the clicker agent—to launch an outgoing call. ECF 71, PgID 1945; *see also* ECF 38-2, PgID 567–68 (Stark's testimony explaining that only when an "agent chooses to launch the call" can the HCI system make an outgoing call). Since the "basic function" of an autodialer is the capacity to dial phone numbers "without human intervention," and the HCI system lacks that capacity, the HCI is not an autodialer. *2015 TCPA Order*, 30 F.C.C.R. at 7973 (citation omitted). Based on persuasive authority from federal courts around the nation, the statutory text, and the binding regulations of the FCC, the Report correctly concluded that the HCI system is not an autodialer under the TCPA.

III.   *Components Objection*

Smith contends that the components of the HCI system combined to form an autodialer. She argues generally that the HCI system cannot function without its components—a campaign database, an automatic call distributor, and a media server pool—and that these components have autodialing capacity. Again Smith fails to object to a specific portion of the Report.

In any event, the Report addressed and rejected Smith's argument. Stellar's HCI system lacked the capacity to dial "without human intervention." *2015 TCPA Order*, 30 F.C.C.R. at 7973 (citation omitted). The ACD system forwards a number to the clicker agent, who makes the decision to launch the call by clicking a mouse or pressing an enter key. ECF 38-2, PgID 568. The HCI system cannot place a call without the clicker agent's

approval. *Id.* Smith fails to identify any specific error in the Report's conclusion that would change the outcome on review.

## CONCLUSION

The Court will grant partial summary judgment to Smith on her TCPA claims based on the Defendants' calls from the Right Party Connect (RPC) dialing system. Two factual questions related to Smith's damages remain before the Court: (1) whether Stellar "willfully or knowingly" violated the TCPA by calling Smith using the RPC system, and thus whether Smith may claim treble damages; and (2) the number of calls Stellar made using the RPC system between July 18, 2014 and August 12, 2014. The Court will grant partial summary judgment to the Defendants on Smith's TCPA claims based on calls made from the HCI system. The Court will deny both parties' motions to strike.

## ORDER

**WHEREFORE**, it is **HEREBY ORDERED** that Plaintiff's Motion to Extend Time to File Objections [74] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [72] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report [71] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment [38] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment [44] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Strike [49, 58] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike [67] is **DENIED**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: March 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 13, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager