UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKISHA SMITH,

    Plaintiff,

v.

STELLAR RECOVERY, INC., et al.,

    Defendants.

_____/

Case No. 2:15-cv-11717

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES [86], DENYING
PLAINTIFF'S MOTION FOR ORDER TO SHOW
CAUSE [90], FINDING MOOT DEFENDANTS' MOTION FOR
EXTENSION [87], AND REFERRING THE CASE TO THE MAGISTRATE JUDGE**

Plaintiff filed a five-count complaint and alleged invasion of privacy as well as violations of the Fair Debt Collection Practices Act, Michigan Occupational Code, Michigan Collection Practices Act, and Federal Telephone Consumer Protection Act. ECF 10. The complaint was later dismissed by stipulation pursuant to a settlement agreement. ECF 85. After the case was dismissed, Defendants filed a motion and Plaintiff filed two more. For the reasons set forth below, the Court will find moot Defendants' motion, deny Plaintiff's motions without prejudice, and refer the parties to the Magistrate Judge for a Settlement Conference.

I.     Attorney's Fees

Plaintiff's request for attorney's fees is deficient. Under the "American Rule," litigants bear their own attorney's fees unless Congress provides otherwise. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Plaintiff is therefore entitled to attorney's fees

1

related only to her FDCPA claim.[1] 15 U.S.C. § 1692k. Courts apply the lodestar method to determine reasonable attorney's fees. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The calculation requires multiplying a reasonable hourly rate by a reasonable number of hours worked. *Id.* In support of her attorney's fee request, Plaintiff submits her attorney's billing log. ECF 86-1. The billing log, however, does not provide adequate detail for the Court to discern which entries were related to which claims. Consequently, the Court cannot determine the number of hours worked on the FDCPA claim. Because Plaintiff provided insufficient support for her request, the Court will deny the motion.

II. <u>Order to Show Cause</u>

Under the parties' settlement agreement, Defendants were required to pay Plaintiff no later than June 30, 2017. ECF 90, PgID 2444; ECF 91, PgID 2450. Defendants failed to honor their obligation, allegedly due to "cash flow challenges." ECF 91, PgID 2451. The Court then ordered payment no later than September 13, 2017, ECF 93, but Defendants did not pay until September 14, 2017, ECF 94-1, PgID 2468. Defendants' conduct is unacceptable, and Plaintiff's request to hold Defendants in contempt is supportable. *See Elec. Workers Pension Tr. Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). But Plaintiff needs to show by clear and convincing evidence that Defendants "violated a definite and specific order of the [C]ourt." *Id.* at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Because Plaintiff did not provide a copy of the settlement agreement, the Court cannot discern which Defendants were obligated to pay.

---

[1] The TCPA does not provide for attorney's fees, *Wasvary v. WB Holdings, LLC*, No. 15-10750, 2015 WL 5161370, at *7 (E.D. Mich. Sept. 2, 2015), and Plaintiff's state-law claims require the Court to find a willful violation (which it did not), Mich. Comp. Laws §§ 339.916(2) and 445.257(2).

2

Consequently, the Court cannot determine whose actions to investigate further. The Court will therefore deny Plaintiff's motion.

III.     Request for Extension

The day before a response brief was due, Defendants requested an extension. Generally, the Court denies such last-minute requests. But because the deadline has passed, the motion is moot.

IV.     Conclusion

Plaintiff's requests may be valid, but she provided insufficient information for the Court to grant relief. Because Plaintiff is entitled to some attorney's fees and Defendants may need to be sanctioned, the Court will deny the motions without prejudice so that Plaintiff may later renew them. But rather than spending additional resources on litigating matters that do not benefit their clients, the lawyers should act responsibly and resolve the lingering issues. The Court will therefore refer the case to the Magistrate Judge for a Settlement Conference.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Attorney's Fees [86] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause [90] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time [87] is **MOOT**.

**IT IS FURTHER ORDERED** that the Court **REFERS** the case to Magistrate Judge Stephanie Dawkins Davis for a second Settlement Conference. The parties shall proceed pursuant to the relevant Local Rules.

**IT IS FURTHER ORDERED** that the parties shall **FILE** notice of the scheduled Settlement Conference no later than **April 6, 2018**.

**IT IS FURTHER ORDERED** that if the Settlement Conference is unsuccessful, then Plaintiff may refile her motion for attorney's fees and motion for an order to show cause within thirty days of the Settlement Conference. Any motions filed before the Settlement Conference will be struck. Because Plaintiff is on notice of her earlier deficiencies, any motions that are not completely and thoroughly supported will be summarily denied.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 21, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2018, by electronic and/or ordinary mail.

s/ David Parker  
Case Manager